FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 25, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHAD J., | No. 1:25-CV-03010-ACE |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION |
| v. | |
| FRANK BISIGNANO, COMMISSIONER OF SOCIAL SECURITY, | ECF Nos. 9, 14 |
| Defendant. | |

**BEFORE THE COURT** is Plaintiff's Opening Brief and Defendant's Brief in response. ECF No. 9, 14. Attorney Chad L. Hatfield represents Plaintiff; Special Assistant United States Attorney Michonne L. Omo represents Defendant. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's Motion; **DENIES** Defendant's Motion; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

### JURISDICTION

Plaintiff filed an application for Disability Insurance Benefits on November 8, 2021, alleging onset of disability beginning January 1, 2016, Tr. 273, later amended to February 16, 2020, Tr. 17, 108, due to fibromyalgia, chronic pain,

PTSD, OCD, insomnia, headaches, depression and anxiety, Tr. 323.  The application was denied initially and upon reconsideration.  Administrative Law Judge (ALJ) Shawn Bozarth held a hearing on January 11, 2024, Tr. 105-138, and issued an unfavorable decision on February 16, 2024, Tr. 17-31.  The Appeals Council denied Plaintiff's request for review on November 22, 2024, Tr. 1-6, and the ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this action for judicial review on January 24, 2025.  ECF No. 1.

## STANDARD OF REVIEW

The ALJ is tasked with "determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes.  *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).  The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance.  *Id*. at 1098.  Put another way, substantial evidence "is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938).  If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098; *Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).  If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).  Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence

and making the decision. *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show: (1) that Plaintiff can perform other substantial gainful activity; and (2) that a significant number of jobs exist in the national economy which Plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1497-1498 (9th Cir. 1984); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE FINDINGS

On February 16, 2024, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 17-31.

At step one, the ALJ found Plaintiff, who met the insured status requirements of the Social Security Act through March 31, 2022, had not engaged in substantial gainful activity since the February 16, 2020, amended alleged onset date. Tr. 20.

At step two, the ALJ determined Plaintiff had the following severe impairments: General Anxiety Disorder (GAD), Major Depressive Disorder (MDD), Attention Deficit Hyperactivity Disorder (ADHD), Posttraumatic Stress Disorder (PTSD), and Chronic Pain Syndrome. *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 21.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found he could perform light work, with the following limitations:

> The individual can occasionally climb ramps and stairs, balance, crouch, crawl, stoop, bend, and kneel. The individual cannot climb ladders, ropes, or scaffolds. The individual should avoid exposure to unprotected heights, dangerous or moving machinery, and machine parts. The individual should avoid concentrated exposure to extremes of temperature, vibration, and humidity. The individual would be capable of work in goal oriented jobs, with simple, routine, and repetitive instructions not done at an assembly line or at a production quota pace, a job in which the individual is limited to occasional decision making, occasional changes of workplace setting and occasional changes to workplace routine, and a job in which he has only occasional or superficial contact with supervisors, co-workers, and customers.

Tr. 23-24.

At step four, the ALJ found Plaintiff was unable to perform any past relevant work. Tr. 29.

At step five, the ALJ found that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff could perform jobs that existed in significant numbers in the national economy, including the jobs of sales attendant, mail clerk, and marker. Tr. 30-31.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the amended alleged onset date, February 16, 2020, through the date last insured, March 31, 2022. Tr. 31.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal

1 standards. Plaintiff raises the following issues for review: (1) did the ALJ err at
2 step two by dismissing Plaintiff's severe impairment of fibromyalgia as
3 groundless; (2) did the ALJ err in failing to conduct an adequate step three
4 evaluation and failing to find Plaintiff disabled as meeting or equaling a Listing;
5 (3) did the ALJ err by rejecting Plaintiff's subjective complaints; and (4) did the
6 ALJ err in failing to conduct an adequate analysis at step five? ECF No. 9 at 5.

## DISCUSSION

**A.    Step Two**

Plaintiff first contends the ALJ erred at step two of the sequential evaluation process by dismissing Plaintiff's severe impairment of fibromyalgia as groundless. ECF No. 9 at 8-13. Defendant responds that the ALJ reasonably determined, in the absence of objective findings, that fibromyalgia was not a medically determinable impairment. ECF No. 14 at 2-6.

At step two, Plaintiff has the burden of proving he has a severe impairment, 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 416.912, and, in order to meet this burden, Plaintiff must furnish medical and other evidence that shows his impairment is severe, 20 C.F.R. § 416.912(a). The regulations, 20 C.F.R. §§ 404.1520(c), 416.920(c), provide that an impairment is severe if it significantly limits one's ability to perform basic work activities. An impairment is considered non-severe if it does not significantly limit one's physical or mental ability to do basic work activities. The ability to perform basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1522(b). Activities include "physical functions such as walking, sitting, lifting, pushing, pulling, reaching, carrying or handling." *Id.*

Step two is "a de minimis screening device [used] to dispose of groundless claims." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). An ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when this conclusion is "clearly established by medical evidence." S.S.R. 85-

28; *see Webb v. Barnhart*, 433 F.3d 683, 686-687 (9th Cir. 2005). Applying the normal standard of review to the requirements of step two, the Court must determine whether the ALJ had substantial evidence to find that the medical evidence clearly established that Plaintiff did not have a medically severe impairment. *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988) ("Despite the deference usually accorded to the Secretary's application of regulations, numerous appellate courts have imposed a narrow construction upon the severity regulation applied here."); *Webb*, 433 F.3d at 687.

In this case, the ALJ acknowledged the record contained "several references to the diagnosis of fibromyalgia." Tr. 20. However, the ALJ determined that the record did not confirm that Plaintiff had the requisite number of tender point findings for fibromyalgia and did not contain any medical doctor evidence excluding other impairments. *Id*. The ALJ thus concluded that fibromyalgia was not a medically determinable impairment. Tr. 21.

Plaintiff testified at the administrative hearing that he has fibromyalgia flareups two or three days each month. Tr. 120-121. The flareups caused muscle pain and an inability to walk due to sciatic pain. Tr. 121. During a flareup, Plaintiff attempts to find comfort by lying on his bed in the dark. Tr. 125. Plaintiff stated his current treatment for fibromyalgia consisted of pain management; i.e., taking medications including oxycodone, morphine and gabapentin. Tr. 117-118. He previously tried physical therapy, but indicated it seemed to make his fibromyalgia symptoms worse. Tr. 118.

Plaintiff's testimony is corroborated by medical records which show that Plaintiff's treatment providers consistently prescribed gabapentin and narcotic pain medications for his fibromyalgia. Tr. 471 (February 28, 2020); 464 (April 24, 2020); 455 (July 24, 2020); 451 (August 24, 2020); 444-445 (October 26, 2020); 434 (January 26, 2021); 1574 (March 15, 2021, record entry indicating gabapentin dispensed for fibromyalgia); 1584 (January 24, 2022, record entry indicating

gabapentin dispensed for fibromyalgia); 1707 (March 7, 2022, record entry indicating gabapentin dispensed for fibromyalgia); 1622 (May 9, 2022, Plaintiff reporting his fibromyalgia had gotten worse); 1699 (May 22, 2022, record entry indicating gabapentin dispensed for fibromyalgia); and 1685, 1689 (May 24, 2022, medical report documenting Plaintiff's fibromyalgia and prescription of gabapentin for fibromyalgia). On March 13, 2022, Marquetta Washington, ARNP, evaluated Plaintiff for a history of chronic pain and fibromyalgia, which started between 2002-2003. Tr. 1591. It was noted that his mediations for fibromyalgia included gabapentin and narcotic pain medications. Tr. 1592. Medical records thus reflect that Plaintiff was diagnosed and treated for fibromyalgia.

Although the ALJ specifically stated that he did not adopt the findings of a prior ALJ and that the prior decision had no res judicata effect regarding the non-adjudicated period, Tr. 17, it is significant to note that on October 22, 2019, a prior ALJ (Lori L. Freund) determined that Plaintiff's fibromyalgia was a severe impairment. Tr. 144. ALJ Freund indicated the record reflected Plaintiff had multiple tender and trigger points and that Plaintiff reported gabapentin helped to improve symptoms related to fibromyalgia. Tr. 148.

Based on the foregoing, the Court finds the record reflects evidence of Plaintiff's fibromyalgia sufficient to pass the *de minimis* threshold of step two of the sequential evaluation process; therefore, Plaintiff's claim of severe fibromyalgia was not "groundless." *See Smolen*, 80 F.3d at 1290; *Webb*, 433 F.3d at 688. The ALJ erred at step two of the sequential evaluation process.

Defendant argues any error at step two would be harmless because Plaintiff points to no symptoms or limitations from his alleged fibromyalgia that the ALJ did not consider when assessing the RFC based on medically determinable impairments. ECF No. 14 at 3; *see Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (ALJ's failure to include impairment as severe at step two was harmless error where ALJ considered the limitations posed by the impairment at step four).

The Court does not agree. The ALJ's omission of fibromyalgia from the list of severe impairments was not harmless error because the ALJ did not meaningfully consider the limitations of the impairment in the remainder of his analysis. *See Eitner v. Saul*, 835 F. App'x 932, 933 (9th Cir. 2021). The ALJ's error at step two was not harmless, and, consequently, a remand is warranted in this case.

B.    **Step Three**

Plaintiff contends that the ALJ also erred at step three when he concluded that Plaintiff's fibromyalgia did not meet or equal Listing 14.09D (inflammatory arthritis).[1] ECF No. 9 at 14-16.

The Commissioner has a list of impairments (Listings) to describe various illnesses and abnormalities, categorized by the various body systems, that are considered severe enough to prevent substantial gainful activity "regardless of age, education or work experience." 20 C.F.R. § 404.1525; *Sullivan v. Zebley*, 493 U.S. 521, 529-530 (1990). At step three, it is the claimant's burden to present objective medical evidence proving he meets or equals an identified Listing. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To show he meets a Listing, the claimant must establish that he meets each criteria of the listed impairment relevant to his claim. *Sullivan*, 493 U.S. at 531. If a claimant's impairments do not meet the Listing exactly, a finding of "disabled" may still be appropriate if his impairments in combination "equal" a Listing. To prove that he "equals" a Listing, "claimant must establish symptoms, signs and laboratory findings 'at least equal in severity and duration' to the characteristics of a relevant listed impairment." *Tackett*, 180 F.3d at 1099 (quoting 20 C.F.R. § 404.1526). Evidence of significant

---

[1] Listing 14.09D requires repeated manifestations of inflammatory arthritis, with at least two constitutional symptoms or signs (such as severe fatigue, fever, malaise, or involuntary weight loss) and marked limitations in one of the following areas: (1) activities of daily living; (2) maintaining social functioning; or (3) completing tasks in a timely manner due to deficiencies in concentration, persistence, and pace. *See* 20 C.F.R. Pt. 404, Subpart P, App. 1, § 14.09(6)(d).

objective medical findings, along with the presentation of a cogent argument, must be presented to raise presumption of disability at step three. *See Marcia v. Sullivan*, 900 F.2d 172 (9th Cir. 1990).

Having determined that fibromyalgia was not a medically determinable impairment, the ALJ in this case was not required to analyze fibromyalgia at step three. However, since the undersigned finds the ALJ erred at step two by dismissing Plaintiff's severe impairment of fibromyalgia as groundless, the ALJ, on remand, will be instructed to perform the sequential analysis anew, including an analysis of Plaintiff's fibromyalgia at step three.

### C.     Plaintiff's Subjective Complaints

Plaintiff additionally contends the ALJ erred by failing to provide clear and convincing reasons for discounting his subjective complaints. ECF No. 9 at 16-19. Defendant responds that the ALJ properly evaluated Plaintiff's symptom testimony. ECF No. 14 at 7-13.

It is the province of the ALJ to make credibility determinations. *Andrews*, 53 F.3d at 1039. However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen*, 80 F.3d at 1281. "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995), as amended (Apr. 9, 1996); *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause his alleged symptoms; however, Plaintiff's

statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical and other evidence of record. Tr. 24. However, with respect to Plaintiff's credibility analysis, the ALJ merely evaluated the objective evidence of record and the persuasiveness accorded to certain medical professionals. Tr. 24-29. While a lack of supporting objective medical evidence is a factor which may be considered in examining an individual's credibility, it may not be the sole factor. *Bunnell v. Sullivan*, 347 F.2d 341, 345 (9th Cir. 1991) (Once a claimant produces objective medical evidence of an underlying impairment, an adjudicator may not reject the claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain.); *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) (An ALJ may not make a negative credibility finding "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence."). Accordingly, on remand, the ALJ shall also reconsider Plaintiff's statements and testimony and reassess what statements, if any, are not credible and, if deemed not credible, what specific evidence undermines those statements.

**D.    Step Five**

Plaintiff's final assertion is that the ALJ erred by failing to conduct an adequate analysis at step five of the sequential evaluation process. ECF No. 9 at 20-21. Defendant responds that substantial evidence supports the ALJ's step five finding. ECF No. 14 at 13-17.

Plaintiff, citing *Leitz v. Kijakazi*, 2023 WL 4342114 at *2 (9th Cir. July 5, 2023),[2] argues that the ALJ's limitation of Plaintiff to occasional interaction with

---

[2]In *Leitz*, the ALJ held that the claimant "can have brief, superficial interaction with co-workers and the public; and can have occasional interaction with supervisors (although additional time for training is acceptable)." *Leitz*, 2023 WL 4342114 at *2. The Ninth Circuit determined that the "training-period caveat" was not supported by the record, and that there was no evidence that the claimant's

supervisors bars all job training and, consequently, precludes all competitive employment. ECF No. 9 at 20-21. The undersigned does not agree with the proposition that a limitation to occasional interaction with supervisors is *per se* disabling. *See Justin P. v. O'Malley*, 2024 WL 1559545 at *7-8 (E.D. Wash. April 10, 2024) (the Court applied *Leitz* and determined that the ALJ did not err). Nevertheless, to address Plaintiff's concern, the ALJ on remand will be instructed to obtain supplemental vocational expert testimony to specifically address whether an RFC limiting Plaintiff to occasional interaction with supervisors during the training period would preclude any identified jobs.

## CONCLUSION

Plaintiff argues the ALJ's decision should be reversed and remanded for the payment of benefits or, alternatively, for additional proceedings to resolve the issues identified in his briefing. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen*, 80 F.3d at 1292. The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). Here, the Court finds that further development is necessary for a proper determination to be made.

The ALJ erred at step two of the sequential evaluation process. Therefore, on remand, the ALJ shall reevalute Plaintiff's disability claim given the evidence of record supports a finding that Plaintiff's fibromyalgia is a severe impairment. On remand, the ALJ will be instructed to perform the sequential analysis anew, including an analysis of Plaintiff's fibromyalgia at step three. The ALJ shall also reconsider Plaintiff's statements and testimony and reassess what statements, if

---

mental problems were "somehow alleviated during training periods because they are less likely to include supervisor interactions than other work periods, or that employers would be willing to tolerate her limitations during training periods." *Id*.

any, are not credible and, if deemed not credible, what specific evidence undermines those statements. The ALJ shall reevaluate Plaintiff's RFC, make new findings at each of the five steps of the sequential evaluation process, and obtain supplemental vocational expert testimony to specifically address whether an RFC limiting Plaintiff to occasional interaction with supervisors during the training period would preclude any identified jobs. Finally, the ALJ shall take into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's motion to reverse and remand, **ECF No. 9**, is **GRANTED**.

2. Defendant's motion to affirm, **ECF No. 14**, is **DENIED**.

3. The Commissioner's final decision is **REVERSED,** and this case is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion.

**IT IS SO ORDERED**. The District Court Executive shall file this Order and provide copies to counsel. **Judgment shall be entered for Plaintiff and the file shall be CLOSED**.

DATED August 25, 2025.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE